By the Court, Bronson, J.
Although the defendant has probably lost money by the agreement to release the plaintiff from her contract, he ought "in fairness to have' informed her that he had found a new tenant. He may, perhaps, be liable to an action on the case for misrepresenting or concealing that fact; but I see no principle upon which this action can be maintained. When money has been paid under a special con-, tract which is afterwards rescinded, or where the contract was void from the beginning in consequence of the fraud of the party receiving the payment, the money may sometimes be recovered back in an action for money had and received to the use of the party who paid it. But when the contract was valid, and still remains in force, the money cannot be recalled. There is no pretence that the agreement between these parties has ever been rescinded, nor can it be maintained that the contract ivas utterly void. The plaintiff received the stipulated consideration for her money. The lease was given up, and she was discharged from her obligation to pay rent for the last year of the term. She cannot treat the contract as valid for the purpose of retaining the consideration which she received, and still maintain that the agreement is void for the purpose of recovering back the money which she paid. The contract must be rescinded, in toto, or not at all.
When a party who has derived a benefit from the contract *391 seeks to avoid it on the ground of fraud, he must first offer to restore that which he has received, so that the parties may be put in statu quo. When that cannot be done, the contract stands, and the injured party must seek redress in an action on the case for the fraud, or if he is sued on the contract he may recoupe damages. He cannot say that the contract is good so far as he has derived a benefit under it, and void for the residue. Such a rule would be manifestly mijust.(a)
Although the defendant had found a new tenant, he was under no obligation to accept him and release the plaintiff and her surety; and he probably would not have done so for. a less sum than he actually received. And if the plaintiff had been fully informed of the facts, she might still have been willing to pay the one hundred dollars for a release. But if she has been injured by the alleged fraud, it would be for the jury to say, in a proper action, how much damages she had sustained; and the-verdict might be much less'than one hundred dollars. But this action proceeds upon the ground that the plaintiff is entitled to recover back the whole sum which she paid, with interest, and without any reference to the actual damage. By retaining the consideration which she received, the plaintiff affirms one half of the contract, and by bringing this action she attempts to disaffirm the residue. That cannot be allowed.
Judgment reversed.

 See Voorhees and others v. Earl and Kellogg, (2 Hill, 288, 292.)